UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-155-FDW

| | |
|---|---|
| **ROBERT HOWARD DIXON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| **FRANK L. PERRY,** *Secretary*, | ) |
| **CYNTHIA THORNTON,** *Administrator*, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2254, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the petition.

The Court first finds that Petitioner's trust fund account statement shows that Petitioner had $0.00 in his trust fund account as of June 9, 2014. The Court finds that Petitioner lacks sufficient funds to pay the $5.00 filing fee, and the Court will therefore grant Petitioner's motion to proceed in forma pauperis.

Petitioner is a North Carolina inmate currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina. Petitioner placed the instant petition in the prison system for mailing on June 16, 2014, and it was stamp-filed in this Court on June 19, 2014. In the petition, Petitioner challenges the constitutionality of his custody on a 1991 conviction in Buncombe County Superior Court for first-degree sexual offense and taking indecent liberties with a child. Petitioner received a sentence of life plus three years. Petitioner filed a previous §

1

2254 petition challenging the constitutionality of his custody on the same state court conviction on December 19, 2003, and this Court denied the petition as time-barred on February 17, 2004. (Dixon v. Mitchell, 1:03cv311 (W.D.N.C)). Thus, this is the second § 2254 petition filed by Petitioner challenging the same state court conviction.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2254. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2. Petitioner's § 2254 petition is **DISMISSED** as a second or successive petition.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: June 28, 2014

Frank D. Whitney
Chief United States District Judge